IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY MARTEN,** ) | | |
| Plaintiff, ) | | Civil Action No. 1:14-cv-00303 |
| ) | | |
| v. ) | | |
| ) | | |
| **JOHN CHERNOSKY,** ) | | Magistrate Judge Susan Paradise Baxter |
| **Defendant.** ) | | |

### **MEMORANDUM OPINION**[1]

Presently pending before this Court is Defendant's motion for summary judgment. ECF No. 36. For the reasons set forth below, the motion for summary judgment will be denied.

**A. Relevant Procedural History**

Plaintiff Jeffrey Marten, acting *pro se*, initiated this civil rights action on December 5, 2014, [ECF No. 3] and filed an amended complaint on May 11, 2015. ECF No. 13. Plaintiff alleges that, during a period of incarceration at the State Correctional Institution at Forest ("SCI-Forest"), Defendant, John Chernosky, retaliated against him on four separate occasions after Plaintiff filed grievances against him. Plaintiff alleges that Defendant prevented him from leaving his cell causing Plaintiff to miss work, evening meals, group meetings, showers and recreation time.

Defendant has moved for summary judgment and Plaintiff has filed a brief in opposition. ECF No. 36; ECF No. 43. This motion is ripe for disposition by this Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

**B. Standards of Review**

**1.** *Pro Se* **Litigants**

*Pro se* pleadings, however inartfully pleaded, "must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2. Motion for Summary Judgment Pursuant to Rule 56**

Rule 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 258, 460-61 (3d Cir. 1989)(the non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. The non-moving party "must present more than just bare assertions, conclusory allegations, or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### C. Retaliation

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-24 (3d Cir. 2000).

3

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must show:

1) The conduct in which he was engaged was constitutionally protected;
2) He suffered "adverse action" at the hands of prison officials; and
3) His constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is Plaintiff's burden to establish the three elements of a *prima facie* retaliation claim.

The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. Rauser, 241 F.3d at 333; Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah, 229 F.3d at 225.

To satisfy the third prong of his retaliation claim, the plaintiff must show a causal connection between his constitutionally protected activity of filing complaints and grievances and the adverse action he allegedly suffered at the hands of the defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The

4

Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements <u>Id</u>.[2]

### D. The Evidence before this Court

From July through December, 2014, Plaintiff was housed in the E-Unit at SCI-Forest. On July 27, 2014, during Plaintiff's afternoon recreational time, Plaintiff testifies Defendant failed to make his required periodic security rounds. ECF No. 42-1, Declaration of Jeffrey Marten, ¶ 5. Plaintiff avows he spoke to Defendant, informed him that he would be filing a grievance against him, and subsequently filed Grievance No. 520101 for the failure to make such rounds.[3] <u>Id</u>. at ¶¶6-9.

Later that same afternoon, Plaintiff asserts Defendant retaliated against him. First, Plaintiff attests Defendant told Plaintiff that he would stay in his cell because of the grievance Plaintiff filed. <u>Id</u>. at ¶ 11. Thereafter, Defendant did not allow Plaintiff to leave his cell for early evening chow causing Plaintiff to be late for his prison work assignment. ECF No. 38, ¶¶ 16-17; ECF No. 42-1, ¶ 10.

The next three alleged retaliation incidents occurred on November 23, 2014, November 26, 2014, and December 29, 2014. Each incident involved Defendant allegedly not opening Plaintiff's cell door. Plaintiff swears that his cell is in clear view of the control bubble, which

---

[2] Following the satisfaction of the initial burden, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. <u>Carter</u>, 292 F.3d at 158. At this stage, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." <u>Rauser</u>, 241 F.3d at 334. The Third Circuit has specifically recognized "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials who possess the necessary expertise." <u>Id</u>.

[3] In total, Plaintiff would file four separate grievances against Defendant pertaining to the events on July 27, 2014. ECF No. 38, ¶ 25; ECF No. 42, ¶ 25.

5

showed Defendant in control of Plaintiff's cell door and was the one who refused to open it. ECF No. 42-1, ¶¶ 13, 18, 24, 28. During each instance, Plaintiff testifies Defendant made verbal remarks to Plaintiff stating the reason Plaintiff would remain in his cell is due to all of the grievances Plaintiff filed against Defendant. Id. at ¶¶ 14-17, 20-23, 26-27. Plaintiff claims Defendant's actions were in direct retaliation for Plaintiff's filing of the numerous grievances against him.

**E. Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment arguing that Plaintiff has failed to meet his burden on the second and third prongs of his retaliation claim.[4]

As an initial observation, this Court notes that there is a disputed issue of material fact as to whether Defendant was in control of Plaintiff's cell door on these four occasions. Defendant swears that, as a Unit Manager, he would not generally operate the cell doors or other inmate movements, which is the control bubble officer's responsibility. ECF No. 39-1, Declaration of Defendant, ¶ 3. Thus, Defendant argues he would have had no control over Plaintiff's cell door during the alleged incidents of retaliation. In direct contrast, Plaintiff testifies that his cell is in clear view of the control bubble and Plaintiff saw Defendant control the cell doors on each of the four separate occasions. ECF No. 42-1, ¶¶ 13, 18, 24, and 28.

---

[4] Defendant mentions Plaintiff did not satisfy the first prong of the retaliation claim; however, in his brief in support of his motion for summary judgment, Defendant admits that Plaintiff did in fact file multiple grievances against him. ECF No. 37. Instead, Defendant attempts to highlight the timing of Plaintiff's grievances and the lack of Defendant's knowledge of them. These arguments are more appropriate at the causation prong of the retaliation analysis. Whether Defendant knew about the grievances, Plaintiff's acts of filing grievances are a constitutionally protected activity and satisfy the first prong of his retaliation claim.

Defendant argues that, even if he was in control of Plaintiff's cell door, Plaintiff has not established that he suffered the requisite adverse action. Defendant summarizes what Plaintiff would have missed if all his allegations are taken as true. Defendant calculates that Plaintiff would have missed a total of three meals, two recreation periods and shower opportunities and one telephone opportunity. ECF No. 37, page 5.[5] Defendant then argues that these missed opportunities are not sufficiently adverse to Plaintiff because on other occasions Plaintiff voluntarily chose not to attend other meals or recreation when Defendant was not on duty.

In opposition, Plaintiff argues that while any of the alleged single acts may be "considered only a *de minimis* inconvenience," taken together over a five-month period, Defendant's actions are "substantial in gross." ECF No. 43, page 11. It is true that this evidence demonstrates a "pattern of antagonism." Lauren W., 480 F.3d at 267-68. Generally, an adverse consequence need not be great in order to be actionable, but rather, the action need only be more than *de minimis*. See McKee v. Hart, 436 F.3d 165 (3d Cir. 2006); Watson v. Rozum, 2016 WL 4435624, at *3 (3d Cir. Aug. 23, 2016); Suppan v. Dadonna, 203 F.3d 228 (3d Cir. 2000) (finding that acts which are *de minimis* individually, may be actionable when viewed as a whole).

In particular, courts have found that alleged retaliatory denial of food is sufficient to withstand a motion to dismiss. See Thomas v. SCI-Dallas, 2007 WL 2319805, at *5 (M.D. Pa. Aug. 13, 2007); Rivera v. Chesney, 1998 WL 639255, at *4-5 (E.D.Pa. Sept.17, 1998) (finding that plaintiff's retaliation claim survives motion to dismiss when the plaintiff attested that the defendant refused to permit the plaintiff from leaving his cell for evening meal and the defendant stated, "Now, go file a grievance on that!"). Moreover, courts have found that a fact finder could

---

[5] Plaintiff disagrees with this summary.

7

conclude alleged retaliatory actions such as reduced access to phone calls, reduced access to recreation, or confinement to a cell could deter a person of ordinary firmness from exercising his First Amendment rights. Allah, 229 F.3d at 225-26. Here, Plaintiff testifies Defendant repeatedly approached him, referenced the grievances Plaintiff filed against Defendant, and refused Plaintiff from leaving his cell. ECF No. 42-1, ¶¶ 9-12, 14-21, 23, 26-27. Accordingly, Plaintiff has met his burden to show adverse action.

Next, Defendant claims that Plaintiff has failed to establish the causation element of his *prima facie* case. Plaintiff alleges the first retaliation claim occurred on July 27, 2014. Defendant admits to becoming aware of only one grievance filed by Plaintiff when Major Ennis contacted him on August 1, 2014. ECF No. 38, ¶ 26. Thus, Defendant attests he could not have retaliated against Plaintiff on July 27, 2014 without knowledge of such protected activity. ECF No. 37. As for the other three alleged retaliation incidents, Defendant contends there cannot be a causal link when nearly five months had passed since the only grievance Defendant knew about. However, Plaintiff testified that he spoke to Defendant about each grievance he filed and that Defendant made specific retaliatory remarks about Plaintiff's grievances during each of the four alleged incidents.[6] ECF No. 42-1, ¶¶ 15-17, 19-21, and 27. These contradictions in the evidence raise material issues of fact and preclude summary judgment in this case.

For the reasons set forth above, Defendant's motion for summary judgment [ECF No. 36] will be denied.

An appropriate Order follows.

---

[6] In a couple of the alleged incidents, Plaintiff testified he spoke to Defendant prior to filing a grievance against him. ECF No. 42-1, ¶¶ 8-9, 23. This Court recognizes that a threat to file a grievance is not protected conduct for retaliation purposes, but that is not the case here. Plaintiff's alleged comments were not empty threats, as Plaintiff followed up his statements by filing actual grievances against Defendant.

        <u>/s/ Susan Paradise Baxter</u>
        SUSAN PARADISE BAXTER
        United States Magistrate Judge